1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10

11

12

13

14

| | |
|---|---|
| HOWARD JOHNSON, | )  1:09-cv-00502-OWW-SMS |
| Plaintiff, | )  DIRECTIONS TO PLAINTIFF TO FILE |
| v. | )  ADDITIONAL BRIEFING IN SUPPORT OF |
| | )  THE APPLICATION FOR DEFAULT |
| MATTHEW CATE, et al ., | )  JUDGMENT BY NO LATER THAN JULY |
| | )  21, 2009 (DOC. 51) |
| Defendants. | ) |
| | ) |

15

16

17

18

19

20

21

Plaintiff is proceeding with a civil action in this Court. Although Plaintiff presently proceeds with counsel, Plaintiff's counsel's motion to withdraw as attorney of record is set for hearing before Judge Oliver W. Wanger on July 27, 2009. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303.

22

23

24

25

Pending before the Court is Plaintiff's motion for default judgment against Defendant Samantha Dennis, filed on June 11, 2009, along with a declaration in support of the motion and a proposed order.

26

27

28

An application for entry of default judgment is an application to the Court for an order and thus qualifies as a motion pursuant to Fed. R. Civ. P. 7(b)(1) and Local Rule 1-

1

101(19). Therefore, it should include briefs on the pertinent

issues pursuant to Local Rule 78-230(b).

With respect to the instant motion, there are matters

concerning liability, relief, and parties which require briefing.

A default judgment generally bars the defaulting party from

disputing the facts alleged in the complaint, but the defaulting

party may argue that the facts as alleged do not state a claim.

Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392.

Thus, well pleaded factual allegations, except as to damages, are

taken as true; however, necessary facts not contained in the

pleadings, and claims which are legally insufficient, are not

established by default. Cripps v. Life Ins. Co. of North America,

980 F.2d 1261, 1267 (9th Cir. 1992); TeleVideo Systems, Inc. v.

Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).

Plaintiff has not provided the Court with points and

authorities showing that the Plaintiff's claims for wrongful

death and constitutional violations associated with the death of

Velma Jean Bess, who Plaintiff claims was his spouse at the time

of her death, contains factual allegations sufficient to entitle

Plaintiff to the relief requested, namely, what appears to

affirmative, equitable relief in the nature of correction of

public records, and/or cooperation with respect to correction

thereof, with respect to an individual named Samantha Dennis.

Although it is alleged in the complaint that Dennis was acting as

the executor of the estate of the decedent whose death is the

subject of the complaint, Plaintiff declares in the declaration

submitted in connection with the application for default judgment

that Dennis is <u>not</u> the executor of the estate of his alleged

2

1 wife, but rather simply convinced the decedent to change

2 notification of next of kin at the prison where the decedent was

3 housed at the time of her death, so that Dennis was notified

4 instead of Plaintiff. There do not appear to be allegations in

5 the complaint sufficient to state a claim against Dennis and

6 entitle Plaintiff to the relief requested. However, Plaintiff

7 will be given an opportunity to provide authority and analysis to

8 support his apparent contention that the allegations of the

9 complaint entitle him to relief. In this connection, the Court

10 notes that it is the party's burden to demonstrate to the Court

11 what law applies and that under the pertinent law, the

12 Plaintiff's claim, as alleged, is legally sufficient.

13     Likewise, the applicant should supply the Court with all

14 pertinent and necessary legal authority pursuant to which it is

15 appropriate to enter judgment against a particular party based

16 upon the allegations of the party's status, agency,

17 participation, or other alleged basis for liability of the

18 particular party. As to relief, Plaintiff again bears the burden

19 of providing authority showing that Plaintiff is entitled to the

20 relief requested.

21     Further, the Court notes that Plaintiff seeks judgment only

22 against Defendant Dennis, although other Defendants remain in the

23 case and appear to be actively defending themselves in the

24 action.

25     Fed. R. Civ. P. 54(b) provides:

26     When an action presents more than one claim for relief--
       whether as a claim, counterclaim, crossclaim, or
27     third-party claim--or when multiple parties are involved,
       the court may direct entry of a final judgment as to
28     one or more, but fewer than all, claims or parties only

3

if the court expressly determines that there is no
just reason for delay. Otherwise, any order or other
decision, however, designated, that adjudicates
fewer than all the claims or the rights and liabilities
of fewer than all the parties does not end the action
as to any of the claims or parties and may be revised
at any time before the entry of a judgment adjudicating
all the claims and all the parties's rights and liabilities.

The policy concerns underlying Rule 54(b), namely, finality,

severability, and avoidance of piecemeal litigation, arise

principally in the context of the availability of appellate

recourse. See Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 432-

48 (1956); W. L. Gore & Associates, Inc. v. International Medical

Prosthetics Research Association, Inc., 975 F.2d 858, 862-65

(Fed. Cir. 1992). However, considerations of fairness and the

sound administration of justice are also applicable to the entry

of a default judgment in a case involving multiple parties or

claims. Further, default judgment should not be entered against a

defendant who is alleged to be liable jointly with other

defendants until the case is adjudicated against all defendants,

or all defendants have defaulted; the possibility of inconsistent

judgments must be avoided. Frow v. La Vega, 15 Wall. 552, 554-55

(1872). It has been held that despite the absence of an

allegation of joint liability, entry of default judgment against

a single defaulting defendant is improper where the defendants

are similarly situated defendants, even if not jointly and

severally liable, and where delay is necessary to avoid an

inherently inconsistent result. In re First T.D. & Investment,

Inc., 253 F.3d 520, 532 (9th Cir.2001) (holding that default

judgment should not be entered where other there were defendants

in similar transactions such that it was not logically possible

4

1  that one defendant could be liable without another being liable);

2  see Shanghai Automation Instrument Co. Ltd v. Kuei, 194 F.Supp.2d

3  995 1005-10 (N.D.Cal. 2001) (collecting cases and suggesting that

4  the unifying principle is that the risk of inconsistent judgments

5  is too high, and entry of default judgment against a defendant is

6  inappropriate, where other answering defendants remain in the

7  case without their liability being adjudicated, and where under

8  the theory of the complaint, liability of all the defendants must

9  be uniform).

10  Although Plaintiff seeks judgment against only one party

11  while the action proceeds against other defendants, Plaintiff has

12  not addressed whether or not it is appropriate for the Court to

13  enter a judgment against only Defendant Dennis in light of the

14  requirements of Rule 54(b). Plaintiff will be given an

15  opportunity to do so.

16  Accordingly, it IS ORDERED that Plaintiff SHALL FILE

17  supplemental points and authorities addressing the matters set

18  forth hereinabove no later than July 21, 2009.

19

20  IT IS SO ORDERED.

21  **Dated:   June 23, 2009**                      **/s/ Sandra M. Snyder**
                                              UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28