UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD JOHNSON,<br><br>        Plaintiff,<br>   v.<br><br>MATTHEW CATE, et al.,<br><br>        Defendants. | 1:09-cv-00502-OWW-SMS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT WITHOUT PREJUDICE (Doc. 59)<br><br>ORDER VACATING HEARING ON PLAINTIFF'S MOTION AND APPLICATION FOR DEFAULT JUDGMENT AND DEEMING MOTION SUBMITTED FOR DECISION (DOCS. 51, 59)<br>**VACATED HEARING DATE:**<br>**August 14, 2009**<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT (DOC. 51) |

Plaintiff is proceeding with a civil action in this Court. Although Plaintiff presently proceeds with counsel, Plaintiff's counsel's motion to withdraw as attorney of record is presently set to be heard by Judge Oliver W. Wanger on August 3, 2009, at which time a motion to dismiss filed by some defendants is also set to be heard by Judge Wanger. Pending before the undersigned Magistrate Judge is Plaintiff's motion for default judgment, presently set to be heard by the Magistrate Judge on August 14, 2009, at the same time that Plaintiff's more recently filed

1

motion for leave to file an amended complaint is also set to be heard. The matters have been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302, 72-302(c)(19), and 72-303.

Plaintiff's motion for default judgment against Defendant Samantha Dennis was filed on June 11, 2009, along with a declaration in support of the motion and a proposed order. The Court issued an order for supplemental briefing on June 23, 2009. On July 5, 2009, Plaintiff filed a response to the briefing order that was combined with an application for leave to file a second amended complaint, which Plaintiff also appeared to intend to calendar for hearing on August 14, 2009. The response and motion were supported by a declaration from Plaintiff's attorney, Norman Newhouse, with exhibits, including a proposed second amended complaint. In the response, there was no briefing of the issues concerning default judgment that had concerned the Court and had prompted the briefing order, namely, the legal sufficiency of the complaint and resultant notice to warrant the relief requested in the application. Defendants (other than the allegedly defaulting Samantha Dennis) filed opposition to the motion to amend on the grounds that the claims against Dennis did not meet the requirements for permissive joinder and would prejudice the other defendants. No reply has been filed, but the time for the filing of the reply has not yet passed.

   I. <u>Administrative Denial of Plaintiff's Motion for Leave to Amend</u>

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both

2

the court and the parties. Landis v. North American Co., 299 U.S. 248, 254-255 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). It is not efficient for the Court to consider dispositive motions when the pleadings on which they are based are not quiet. Further, the assertedly defaulting party is arguably entitled to adequate notice of any amended pleading that significantly changes the relief demanded. Although the motion to dismiss that is to be heard before the District Judge concerns other defendants, the District Judge could, and very likely will, nevertheless address the matter of amendment in the course of considering the motion to dismiss.

Accordingly, the Plaintiff's motion for leave to file an amended complaint IS DENIED administratively, and without prejudice to refiling a motion for leave to amend subsequent to the District Judge's ruling on the motion to dismiss. Further, the hearing on the motion IS VACATED.

II. Vacating the Hearing on the Motion for Default Judgment

Pursuant to Rule 78-230(h) of the Local Rules of Practice for the United States District Court, Eastern District of California, the Court finds that the motion of Plaintiff for default judgment is a matter that may appropriately be submitted upon the record and briefs.

Accordingly, the hearing on the motion , presently set for August 14, 2009, IS VACATED, and the motion IS DEEMED SUBMITTED to the Court for decision.

III. Motion for Default Judgment

With respect to the merits of the motion for default judgment, it is established that a default judgment generally

bars the defaulting party from disputing the facts alleged in the complaint, but the defaulting party may argue that the facts as alleged do not state a claim. <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1392. Thus, well pleaded factual allegations, except as to damages, are taken as true; however, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default. <u>Cripps v. Life Ins. Co. of North America,</u> 980 F.2d 1261, 1267 (9th Cir. 1992); <u>TeleVideo Systems, Inc. v. Heidenthal</u>, 826 F.2d 915, 917 (9th Cir. 1987).

The Court requested that Plaintiff brief the legal sufficiency of the complaint to entitle Plaintiff to the relief requested in the motion. In the first amended complaint, Plaintiff did not expressly and directly request an order compelling Defendant to execute documentation in order to correct the record of death. Plaintiff did not request a declaratory judgment or relief of a declaratory nature; Plaintiff expressly prayed only for damages. Plaintiff has not briefed the elements of the claims upon which he seeks judgment.

Because claims that are legally insufficient are not established by a party's default, a court in considering an application for default judgment must determine whether the claims upon which a plaintiff seeks a default judgment are legally sufficient. An application for a default judgment qualifies as a motion pursuant to Fed. R. Civ. P. 7(b)(1) and Local Rule 1-101(19), and it should include briefs pursuant to Local Rule 78-230(b). Thus, when seeking a default judgment, a plaintiff should provide the Court with points and authorities

4

containing citations to authority showing that the Plaintiff's claim or claims include allegations of all the necessary elements required for entitlement to relief. It is the party's burden to demonstrate to the Court that under the pertinent law, the Plaintiff's claims, as alleged, are legally sufficient. If a party states multiple claims but judgment is sought on only some of them, the party should inform the Court in the application of the claims upon which judgment is sought.

Likewise, the applicant should supply the Court with all pertinent and necessary legal authority pursuant to which it is appropriate to enter judgment against a particular party based upon the allegations of the party's status, agency, participation, or other alleged basis for liability of the particular party.

In this instance, in response to the Court's briefing order, Plaintiff requested leave to file an amended pleading and appeared to admit candidly that neither Plaintiff's complaint nor the first amended complaint states a cause of action against Samantha Dennis. (Doc. 59, p. 1, ll. 19-23.)

Accordingly, the Court concludes that Plaintiff has not established the adequacy of notice to the Defendant, the legal sufficiency of the allegations of the first amended complaint, or the entitlement of the Plaintiff to the relief sought against the allegedly defaulting defendant.

IV. Recommendation

Therefore, it IS RECOMMENDED that Plaintiff's motion for default judgment against Defendant Smantha Dennis BE DENIED.

This report and recommendation is submitted to the United

5

States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 17, 2009**               /s/ Sandra M. Snyder
                                   UNITED STATES MAGISTRATE JUDGE