UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD JOHNSON, husband of decedent Velma Jean Bess,<br><br>            Plaintiff,<br><br>   v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTION AND REHABILITATION; MATTHEW CATE, Secretary; ROBIN DEZEMBER, Correctional Healthcare Services Chief Deputy Secretary; MARY LATTIMORE, Acting Warden, California Corrections Woman's Facility; KENT EICHENBERGER, Warden, Valley State Prison For Women; SAMANTHA DENNIS, as Executor of the Estate of Decedent Velma Bess; and DOES 1 through 100,<br><br>            Defendants. | 1:09-CV-00502-OWW-SMS<br><br>ORDER RE DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(1) AND 12(b)(6) |

## I.  INTRODUCTION

Before the court is a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 32.)  The motion is brought collectively by Defendants California Department of Corrections and Rehabilitation, Matthew Cate, Mary Lattimore, and Kent Eichenberger ("Defendants").  The motion is directed to all the claims asserted by Plaintiff Howard Johnson ("Plaintiff") in the First Amended Complaint ("FAC").  These claims arise from the incarceration of a female prisoner, Velma Jean Bess, at the Central California Women's Facility in Madera County, California. While incarcerated, Bess died from cancer.  In the FAC, Plaintiff claims to be Bess' surviving husband.

The following background facts are taken from the FAC.[1]

## II. BACKGROUND

### A. The Incarceration Of Velma Bess And Her Treatment

In 2000, Bess ("Decedent") was incarcerated for assaulting "Frank Miranda" with a deadly weapon. Allegedly, Decedent and Miranda were "never married." (Doc. 26 at 2.)[2]

Decedent was first incarcerated at the Valley State Prison for Women and then transferred to the Central California Women's Facility in Madera County. (*Id.*) In 2003, Decedent was diagnosed with tongue cancer. (*Id.*) She was transferred from the prison facility to a local hospital where she received radiation and chemotherapy. (*Id.*) Her cancer then went into remission for approximately six years. (*Id.*) Plaintiff alleges that the "prison facility failed to promptly monitor [Decedent's] cancer during the six years it was in remission to detect any early signs of recurrence so a recurrence could be properly treated." (*Id.*)

In August and September 2008, Decedent began passing out, sweating profusely, and suffering from chills, symptoms that Plaintiff alleges "were related to a recurrence and metastasis of her tongue cancer." (*Id.*) The "prison medical staff" allegedly "prescribed medications that were not related to [Decedent's]

---

[1] The FAC is Document ("Doc.") 26.

[2] In Plaintiff's original complaint, Plaintiff alleged that "Velma Bess was arrested for Domestic Violence and Assault on a *spouse* (Frank R. M[i]randa)*.*" (Doc. 1 at 2) (emphasis added.) By contrast, in his FAC, Plaintiff alleges that Decedent and Miranda were "never married" and that Decedent was incarcerated for "assault w/a deadly weapon" without mentioning the part about "Domestic Violence and Assault on a spouse." Defendants contend that this change of pleading constitutes a "sham" amendment.

2

medical condition, and her symptoms proceeded to get worse." (*Id*. at 3.)

In September 2008, Decedent "pass[ed] out," "fell and broke her ankle," and was then transferred to a local hospital for treatment. (*Id*.)  During her stay at the hospital, Decedent was diagnosed with "advanced tongue cancer that had metastasized into her lungs." (*Id*.)  As alleged, "[t]he hospital, after stabilizing [Decedent's] broken ankle, returned her to the prison facility to die." (*Id*.)

On November 6, 2008, the prison facility transferred Decedent back to the hospital where she was placed on life support. (*Id.*) Later that day, Decedent was taken off life support and died. (*Id*.) Decedent's death certificate states that the "onset of the cause of her death" commenced "two months" prior to her death. (*Id*.)

Plaintiff asserts that Decedent's death certificate contains false information provided by Decedent's daughter, Defendant Samantha Dennis, that Decedent was "Divorced" at the time of her death. (*Id*.)  Plaintiff alleges that he was the husband of Decedent at all times mentioned in the FAC. (*Id*. at 1.)  Plaintiff alleges that Defendant Dennis has refused to allow the death certificate to be amended or corrected. (*Id.* at 3.)

B.   Claims In The FAC

In the FAC Plaintiff asserts five claims.  The first two claims are for a violation of *Decedent's* Eight Amendment rights under 42 U.S.C. § 1983.

In the first claim, Plaintiff asserts an Eight Amendment violation based on the "conditions of [Decedent's] prison confinement." Plaintiff alleges that "Defendants knew Velma Bess[']

3

conditions of imprisonment created a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to correct it." (Doc. 26 at 4.)

In the second claim, Plaintiff asserts an Eight Amendment violation based on the defendants alleged deliberate indifference to a serious medical need of Decedent.  Plaintiff alleges that "Defendants acted with deliberate indifference to the serious medical meed of plaintiff's wife Velma Bess." (*Id.* at 5.)

In both of the Eight Amendment claims, Plaintiff specifically alleges he is "a beneficiary of the decedent's estate and successor in interest in decedent's causes of action and therefore has standing to maintain a survivor's action." (*Id.* at 4-5.)

The three remaining claims in the FAC are all state law claims. (Doc. 26 at 6-7.) Plaintiff's third claim is for "wrongful death" under California law.[3]  Plaintiff alleges that he has "standing to bring a wrongful death action under California Civil Code § 377.60." (Doc. 26 at 6.) Plaintiff's fourth claim is for intentional infliction of emotional distress ("IIED") under California law, and Plaintiff's fifth claim is for negligent infliction of emotional distress ("NIED") under California law.

### III. STANDARD OF DECISION

**A.  Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides that a motion to dismiss may be made if the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

---

[3] While Plaintiff has alleged a state law claim for wrongful death, Plaintiff's § 1983 claims are not alleged as wrongful death claims.  Rather, they are specifically alleged as survival claims.

4

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint is also "subject to dismissal for failure to state a claim if the allegations" on their face "show that relief is barred" for some legal reason. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001).

In deciding whether to grant a motion to dismiss, the court accepts all well-pleaded factual allegations of the complaint as true and draws all reasonable inferences in the light most favorable to the nonmoving party. *See Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029-30 (9th Cir. 2009); *see also Moss v. U.S. Secret Serv.*, __ F.3d __, 2009 WL 2052985, at *6 (9th Cir. July 16, 2009).

**B.   Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) provides that a motion to dismiss may be made on the basis of "lack of subject-mater jurisdiction." Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion tests "whether the plaintiff has a right to be in the particular court." *Trs. of Screen Actors Guild-Producers Pension & Health Plans v. NYCA, Inc.*, __ F.3d. __, 2009 WL 2032464, at *2 (9th Cir. July 15, 2009) (internal quotation marks omitted). "Rule 12(b)(1) attacks on jurisdiction can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003). Federal courts are limited in jurisdiction; it is presumed that a case lies

5

outside the jurisdiction of the federal courts unless the plaintiff proves otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

### IV. DISCUSSION AND ANALYSIS

**A.   Section 1983 Claims – The First And Second Causes of Action**

In pertinent part, § 1983 provides that "[e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ." (Emphasis added.)

**1.   A "Person" Under Section 1983 And Eleventh Amendment Immunity**

Defendants argue that the California Department of Corrections and Rehabilitation is not a "person" subject to suit under § 1983 and that Eleventh Amendment immunity bars Plaintiff's claims against the Department. Defendants are correct.

"State agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute." *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). The California Department of Corrections and Rehabilitation is a state agency and thus not a "person" under § 1983. *See Christman v. Micheletti*, 302 F. App'x 742, 743 (9th Cir. 2008) ("The district

6

court properly dismissed [the plaintiff's] claims against the California Department of Corrections and Rehabilitation because the state agency is not a 'person' under section 1983."); *see also Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) ("[A]rms of the State such as the Arizona Department of Corrections are not 'persons' under section 1983.") (internal quotation marks omitted); *Coleman v. Cal. Dep't of Corr. & Rehab.*, No. CV 06-2606-JFW (PJW), 2009 WL 648987, at *3 (C.D. Cal. Mar. 10, 2009) (concluding that the California Department of Correction and Rehabilitation was not a "person" subject to suit under § 1983).

In addition, "[i]n the absence of a waiver by the state or a valid congressional override, [u]nder the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999) (second alteration in original). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court . . . ." *Id.* at 1025-26; *see also Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009). Accordingly, the Eleventh Amendment bars the § 1983 claims asserted against the California Department of Corrections and Rehabilitation. *See Brown*, 554 F.3d at 752 (concluding that "[t]he district court correctly held that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity."); *see also Parra v. Hernandez*, No. 08-cv-0191 H(CAB), 2009 WL 799065, at *8 (S.D. Cal. Mar. 24, 2009) (concluding that the California Department of Corrections and Rehabilitation was entitled to Eleventh Amendment immunity and dismissing claims

7

asserted against it); *Goodman v. Cal. Dep't of Corr. & Rehab.*, No. CV 07-01776-CJC (VBK), 2008 WL 4610268, at *6 (C.D. Cal. Oct. 14, 2008) (same). In opposition to the motion to dismiss, Plaintiff concedes that the Department of Corrections and Rehabilitation is an improper party and should be dismissed.

Defendants argue that the individual defendants are not "persons" under § 1983 when they are sued for damages in their *official* capacities. Defendants argue further that Eleventh Amendment immunity precludes any § 1983 claims asserted against the individual defendants in their official capacities. Defendants are correct.

"State officials sued in their official capacities . . . are not 'persons' within the meaning of § 1983 . . . ." *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007); *see also Will*, 491 U.S. at 71 ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). In addition, "[t]he Eleventh Amendment bars actions for damages against state officials who are sued in their official capacities in federal court." *Dittman*, 191 F.3d at 1026. By contrast, a state official sued in his official capacity for "prospective injunctive relief" *is* considered a "person" under § 1983, and the Eleventh Amendment does not bar such claims. *See Flint*, 488 F.3d at 825.

Plaintiff's FAC seeks money damages, not prospective injunctive relief. (Doc. 26 at 7.) Accordingly, to the extent Plaintiff asserts § 1983 claims against individual state officers in their official capacities, they are not "persons" subject to suit under § 1983 and are entitled to Eleventh Amendment immunity.

In opposition to the motion, Plaintiff clarifies that he is

not suing the individual defendants in their official capacities. Rather he is suing them in their personal capacities because allegedly "they were personally derelict in their duties." (Doc. 56 at 2.)  Because Plaintiff, as he concedes, cannot assert § 1983 claims against the California Department of Corrections and Rehabilitation and does not assert any official capacity claims against the individuals defendants, this leaves Plaintiff with Eight Amendment claims against the individuals in their personal capacities for damages.

The individual defendants, when sued in their personal capacities, *are* "persons" under § 1983, and Eleventh Amendment immunity does not attach to such claims. *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).  While the Eleventh Amendment does not preclude Plaintiff's personal capacity claims against the individual defendants, these claims (and all of Plaintiff's § 1983 claims) are still barred for another reason.

2.   **Plaintiff Lacks Capacity To Bring The § 1983 Claims**

Defendants argue that Plaintiff lacks "standing" to bring the Eight Amendment claims.  Plaintiff alleges that he has "standing" to "maintain a survivor's action" for an Eighth Amendment violation because he is a "beneficiary of the [D]ecedent's estate and successor in interest in [D]ecedent's causes of action." (Doc. 26 at 4.) In his FAC, Plaintiff cites § 377.32 of the California Code of Civil Procedure which pertains to survival actions maintained by successors in interest.

While both parties use the term "standing," they are not referring to "standing" in the constitutional sense of the word. Instead, they are referring to standing in terms of Plaintiff's

9

"capacity to sue" on behalf of Decedent's estate. *See Estate of Burkhart v. United States*, No. C 07-5467 PJH, 2008 WL 4067429, at *10-11 (N.D. Cal. Aug. 26, 2008) (recognizing that whether the plaintiff is the proper party to bring a survival action is a matter of "capacity to sue" not standing).

A survivor cause of action is a "cause of action which belonged to the decedent before death but, by statute, survives that event. *Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1264 (2006). The survival statutes "prevent the abatement of the cause of action of the injured person, and provide for its enforcement by or against the personal representative of the deceased." *Id.* (internal quotation marks omitted).

"A claim under 42 U.S.C. § 1983 survives the decedent if the claim accrued before the decedent's death, and if state law authorizes a survival action." *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1093 n.2 (9th Cir. 2006) (*citing* 42 U.S.C. § 1988(a); *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998)). In a § 1983 case, "[t]he party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action *and* that the plaintiff meets that state's requirements for bringing a survival action." *Moreland*, 159 F.3d 365, 369 (9th Cir. 1998) (emphasis added); *see also Tatum*, 441 F.3d at 1093 n.2.

Plaintiff alleges that the conditions of Decedent's confinement and Defendants' deliberate indifference to her serious medical needs caused injury to Decedent before her death, *i.e.*, her cancer came back and spread to her lungs, she "began passing out, sweating profusely, and suffering from chills," and, on one

10

occasion, she "pass[ed] out," "fell and broke her ankle." (Doc. 26 at 2-3.) In addition, the California Code of Civil Procedure specifically authorizes survival actions. *See* Cal. Civ. Proc. Code § 377.20.  No party disputes that the Eight Amendment claims accrued before Decedent's death and that California law authorizes a survival action.  The only dispute is whether Plaintiff meets California's requirements for bringing a survival action.  He does not.

California Code of Civil Procedure § 377.30 provides that "[a] cause of action that survives the death of the person . . . may be commenced by the decedent's personal representative or, *if none*, by the decedent's successor in interest." (Emphasis added.)  A "personal representative" means an "*executor*, administrator, administrator with the will annexed, special administrator, successor personal representative, public administrator acting pursuant to Section 7660, or a person who performs substantially the same function under the law of another jurisdiction governing the person's status." Cal. Prob. Code § 58(a) (emphasis added); *Garcia v. Adams*, No. F. 04-5999 AWI SMS, 2006 WL 403838, at *11 (E.D. Cal. Feb. 17, 2006).  The "decedent's successor in interest," which Plaintiff claims to be, "means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action."  Cal. Civ. Proc. Code § 377.11.

Although Plaintiff alleges that he is a "successor in decedent's interest in decedent's causes of action," he also alleges that a personal representative exists.  Specifically, Plaintiff alleges that "Samantha Dennis" is "acting as an *executor*

11

of the estate of Velma Bess."  (Doc. 26 at 2) (emphasis added.) Plaintiff can only bring suit as a successor in interest if there is no personal representative.  *See* Cal. Civ. Proc. Code § 377.30 ("[A] cause of action that survives the death of the person . . . may be commenced by the decedent's personal representative or, *if none*, by the decedent's successor in interest") (emphasis added); *see also Tatum*, 441 F.3d at 1093 n.2 ("Where there is no personal representative for the estate, the decedent's 'successor in interest' may prosecute the survival action if the person purporting to act as successor in interest satisfies the requirements of California law . . . ."); *Garcia*, 2006 WL 403838 at *12 ("If there is no personal representative, then a successor in interest may bring the survival suit."). Given that Plaintiff alleges the presence of a personal representative – Dennis acting as the executor of Decedent's estate – Plaintiff lacks capacity to bring the alleged § 1983 claims.[4]

Even assuming that Plaintiff did not allege the existence of a personal representative, Plaintiff still has not properly alleged his "successor in interest" status.  To be considered a successor in interest under California law, Plaintiff must comply with the requirements of California Code of Civil Procedure § 377.32. This section requires a party who seeks to commence or maintain an

---

[4] Defendants also argue that Plaintiff lacks "standing" to assert his state law wrongful death claim because the pleadings call into question whether Plaintiff was really married to Decedent at the time of her death.  While Plaintiff attempts to counter *this* argument in his opposition briefing, Plaintiff does not address the argument that he lacks "standing" to assert the § 1983 survival causes of action.

action as a "successor in interest" to execute and file an affidavit under penalty of perjury stating, among other things, that "[n]o other person has a superior right to commence the action or proceeding or to be substituted for decedent in the pending action or proceeding." Cal. Civ. Proc. Code § 377.32(a)(6). Plaintiff has not pled or otherwise demonstrated compliance with all the requirements of § 377.32. In any event, because a personal representative exists, Plaintiff lacks capacity to pursue the § 1983 claims.

Plaintiff does not satisfy California's requirements for bringing a survival action. Accordingly, he lacks capacity to assert the § 1983 claims and these claims are DISMISSED.[5]

**B.  State Law Claims – The Third, Fourth, And Fifth Causes Of Action**

Defendants also move to dismiss the three state law claims – wrongful death, IIED, and NIED – asserted by Plaintiff. The merits of Defendants' arguments, however, need not be reached. Jurisdiction in this case is premised on the existence of a federal question with supplemental jurisdiction over the state law claims, 28 U.S.C. § 1367.

---

[5] At oral argument, the court indicated that it had concerns with the allegations regarding Plaintiff's purported marital relationship with the Decedent and suggested that leave would be given to amend the complaint to clarify this issue. Under state law, Plaintiff's marital relationship with the Decedent, or lack thereof, while relevant to the state law wrongful death claim, does not impact Plaintiff's § 1983 claims which are specifically alleged as survival causes of action (not wrongful death claims). Even if Plaintiff is the Decedent's surviving spouse, the existence of a personal representative – Dennis – precludes Plaintiff from maintaining his survival causes of action under § 1983.

13

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." "When federal claims are dismissed before trial . . . pendant state claims also should be dismissed." *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367-68 (9th Cir. 1992) (internal quotation marks omitted); *see also Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1189 (9th Cir. 2001) (recognizing the propriety of dismissing supplemental state law claims without prejudice when the district court has dismissed the federal claims over which it had original jurisdiction); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) ("[T]he proper exercise of discretion is to dismiss the pendent state law claims as well.").

Here, dismissal is warranted and ordered as to the § 1983 claims – the only federal claims – in Plaintiff's FAC. Plaintiff cannot maintain these claims against the California Department of Corrections and Rehabilitation because it is not a "person" under § 1983 and Eleventh Amendment immunity shields it from suit. Plaintiff cannot maintain the § 1983 claims against the individual officers in their official capacities because, with respect to such claims, the individual officers are not "persons" under § 1983 and Eleventh Amendment immunity shields them from suit. Finally, Plaintiff cannot asserts the § 1983 claims against any defendant, regardless of the capacity in which they are sued, because Plaintiff does not satisfy the requirements for bringing a survival action under California law, and Plaintiff cannot satisfy these

requirements as long as a personal representative exists.[6] These barriers to Plaintiff's § 1983 claims cannot be cured by simply amending the FAC. Accordingly, the federal claims in the FAC are dismissed and leave to amend the FAC is not appropriate.[7]

Having dismissed the federal claims, the court has no interest in the supplemental state law claims. No judicial resources have been spent on analyzing the merits of such claims, and they raise issues of state law which California state courts can readily and are best suited to address. There is no justification for expending federal resources on solely state claims.

### V.  CONCLUSION

For the foregoing reasons:

   1.   The § 1983 claims are DISMISSED; and

   2.   The court declines to retain supplemental jurisdiction over the state law claims. These remaining claims are DISMISSED. Defendants' motion to dismiss the state law claims is DENIED as moot.

IT IS SO ORDERED.

Dated:   August 6, 2009              /s/ Oliver W. Wanger
                                     UNITED STATES DISTRICT JUDGE

---

[6] California Probate Code § 8500 sets forth the procedure for removing a personal representative. If Plaintiff so desires, he may petition to have Samantha Dennis removed as the executor of Decedent's estate by complying with § 8500. Whether such a petition is warranted or would be successful is not something which this court can address.

[7] Defendants have raised other arguments in support of their motion to dismiss the § 1983 claims. In light of the ruling on the motion, however, these other arguments need not be addressed.