UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD L. JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS (CDCR), *et al.*,<br><br>　　　　Defendants. | 1:09-CV-00502-OWW-SMS<br><br>ORDER GRANTING MOTION TO WITHDRAW |

　　　On June 3, 2009, Norman Newhouse, Esq., of the Law Office of Norman Newhouse, filed a motion to withdraw as counsel of record for Plaintiff Howard L. Johnson.  (Doc. 37.)  According to the declaration of counsel, the "[c]lient and attorney have reached an impasse in proceeding with the case" and there is an "inability to communicate due to differing opinions about handling the case." (Doc. 38 at 1.)  The client, Mr. Johnson, has been notified and he does not object to his counsel's withdrawal.  Mr. Newhouse has also notified the parties of his motion to withdraw (Doc. 37; Doc. 38 at 3), and they have not objected.

　　　An attorney may not withdraw as counsel, leaving a plaintiff to act *in propria persona*, except by leave of court.  *See* Local. Rule 83-182 (d); *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992).

　　　Local Rule 83-182(d) provides:

　　　Subject to the provisions of subsection (c), an attorney who has appeared may not withdraw leaving the client *in*

1

    *propria persona* without leave of Court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

In determining whether there is good cause for withdrawal, courts have considered whether the client is cooperative and willing to assist the attorney in the case. *See, e.g., Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999).

Even where good cause exists, certain other factors can be considered. *See In re Tutu Wells Contamination Litig.*, 164 F.R.D. 41, 44 (D.V.I. 1995). For example, the court may consider: the extent to which withdrawal will disrupt the case; how long the case has been pending; the financial burden the client will face in finding new counsel; prejudice to the other parties; and whether withdrawal will harm the administration of justice. *See Byrd v. Dist. of Columbia*, 271 F. Supp. 2d 174, 176 (D.D.C. 2003); *United States ex rel. Cherry Hill Convalescent Ctr., Inc. v. Healthcare Rehab Sys., Inc.*, 994 F. Supp. 244, 252-53 (D.N.J. 1997).

According to Mr. Newhouse, he and his client, Mr. Johnson, have reached an impasse, have differing opinions about the handling of the case, and are unable to communicate. A declaration from Mr. Johnson indicates that Mr. Newhouse and Mr. Johnson actually work together in the law office of Mr. Newhouse where Mr. Johnson is the Staff Paralegal. (Doc. 57 at 1.)  In his own declaration, Mr. Johnson (the client), states the "the law office of Norman

**Newhouse. . . is small and overwhelmed with cases it is currently working" and Mr. Johnson represents that he "is the most knowledgeable person able to present this case." (*Id.*) Accordingly, Mr. Johnson states that he would like to "take on this case Pro Per." (*Id.*)**

**After reviewing the record and the reasons for withdrawal given by counsel, good cause to grant the motion to withdraw has been established by reason of the inability of counsel and client to communicate effectively with each other. The motion to withdraw is GRANTED.**

IT IS SO ORDERED.

**Dated:   August 6, 2009**              /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE